By the Coubt.
Hoffman, J.
This is an appeal from a judgment entered at Special Term, adjudging that a certain lease executed by Robert Goelet, to the defendant, was held by him for the sole use and benefit of the plaintiffs, and became, and was their property, interest and estate, directing an assignment of such lease to the plaintiffs, and some other consequential directions.
The facts are stated in the finding of the Judge at Special Term, and need not be repeated.
We t.hfhlr the testimony admissible which tends to prove, that the parties intended to have in their agreement, as to the sublease, a provision similar to that' which is contained in the letter addressed by the defendant to Goelet. The testimony proves that fact.
This paper may then be considered as much a part of the contract between the parties, as if it had been inserted in the lease itself.
*472 It amounts to this and no more, that the advantage and possible benefit -which the defendant possessed from being the tenant of Goelet, in relation to a renewal or extension of the lease from him, should be enjoyed by the plaintiffs. It imposed, then, the duty upon the defendant of not defeating or impeding the realization of that advantage. His taking the renewed lease himself, and before the expiration of the old lease, presumptively shows, that he has done this.
' The case of Phiffe v. Wardle, 5 Paige, 268, and the cases there cited, establish that a tenant’s prospect of a renewal in chantable leases, is a vendible interest, which a Court of Equity will recognize. In all the cases, the party who took the renewal to himself was previously in the situation of a trustee; and in one of the cases cited, it was in evidence that the lessor would not have granted a renewal to the cestui que trust, who was an infant, and could nqt enter into covenants.
The defendant, by his contract, placed himself in a similar situation as a trustee. In cases of that nature, the court acts upon a general principle without regard to the circumstances of a case, whether raising a suspicion of unfair dealing, ox of apparent honesty ; such is the view presented by Lord Eldon in Fitzgibbon v. Scanlan, 1 Dav., 201, cited by the Judge below.
It is on this abstract ground that we decide the present case. There, is much in the case to show that the defendant was not guilty of intentional bad faith in taking the renewed lease. There is reason to suppose that Goelet would not have accepted the plaintiffs as tenants even if requested by the defendant, and Goe-let applied to him to take the new lease. He also agreed to transfer it if Goelet would say that he would at any time have accepted the plaintiffs.
We should be disposed to free the defendant from costs, if it was in our power. But the Code -leaves no discretion on that point. Judgment affirmed, with costs.